**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Emmanuel Arevalo-Garcia,<br><br>Defendant. | No. CR-22-00582-001-PHX-DWL<br><br>**ORDER** |

On May 4, 2022, Defendant Emmanuel Arevalo-Garcia ("Defendant") was arrested and charged with the crime of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. (Doc. 1.) Following a detention hearing, Defendant was ordered detained pending trial. (Docs. 3, 5.) A few weeks later, Defendant was formally indicted on the § 1326 charge. (Doc. 6.)

Defendant's arraignment was scheduled for June 15, 2022. (Doc. 11.) However, the arraignment did not go forward because the U.S. Marshals Service ("USMS") was unable to produce Defendant for the hearing. (*Id.*) As it turns out, Defendant had been "inadvertently transferred from the [USMS's] custody to that of U.S. Immigration and Customs Enforcement (ICE), who removed him to his home country of Mexico while his criminal case remained pending." (Doc. 13 at 1.)

Based on this development, the government now moves to dismiss the indictment without prejudice under Rule 48(a) of the Federal Rules of Criminal Procedure. (Doc. 9.) Although the motion stated that it was unopposed, Defendant has since argued the

dismissal should be *with* prejudice because the government violated his Sixth Amendment and other constitutional rights, as well as the detention order, by removing him to Mexico during the pendency of his case. (Doc. 12.) In reply, the government argues the dismissal should be without prejudice because, *inter alia*, it was not operating in bad faith and Defendant's Sixth Amendment rights were not violated. (Doc. 13.)

The Court agrees with the government that the dismissal should be without prejudice. Rule 48(a) of the Federal Rules of Criminal Procedure provides in relevant part that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Such a dismissal is presumptively without prejudice. *United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005) ("Dismissals by the government are generally presumed to be without prejudice, 'unless a contrary intent is clearly expressed.'") (citation omitted). Moreover, where—as here—the government expressly states that it is seeking to dismiss without prejudice, courts are "duty bound" to honor the request unless the government is acting in bad faith. *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988) ("Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. . . . [W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request."). Thus, a district court may deny a Rule 48(a) motion for dismissal "if the dismissal is 'prompted by considerations clearly contrary to the public interest' or if there is a genuine concern that the defendant would be subjected to 'prosecutorial harassment' through "charging, dismissing, and recharging.' *United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012) (quoting *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988)). Finally, a district court may order the dismissal of an indictment with prejudice, even when there has been no dismissal request by the government, "under either of two theories: First, a district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation. Second, if the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers." *United States v. Chapman*,

524 F.3d 1073, 1084 (9th Cir. 2008) (cleaned up).

Here, the government did not act in bad faith or engage in outrageous conduct—Defendant's removal to Mexico appears to have been the product of an administrative oversight and Defendant does not argue (and could not credibly argue) that the government is somehow gaining a tactical advantage in its pursuit of a § 1326 charge against him by dismissing without prejudice at this juncture.  For these reasons, the dismissal request is not prompted by considerations clearly contrary to the public interest and there is no reason to believe Defendant will be subjected to prosecutorial harassment.  To the contrary, Defendant has received what is an essence a windfall—he is escaping, at least for now, prosecution on charges the grand jury has already found to be supported by probable cause.  Under these circumstances, the dismissal should be without prejudice.  *See, e.g., United States v. Hernandez-Olea*, 407 F. Supp. 3d 1351, 1357 (M.D. Ga. 2019) (where indicted defendant in § 1326 case was removed to Mexico by ICE but "[n]o showing has been made that the Government is acting in bad faith," denying the defendant's motion to dismiss the indictment with prejudice and granting the government's motion to dismiss the indictment without prejudice).  *Cf. Mujahid*, 491 F. App'x at 860 ("There are no allegations or facts in the record suggesting that, in seeking dismissal of the indictment, the prosecutor sought to obtain improper tactical advantage or was motivated by a desire to harass Mujahid.  Under these circumstances, the district court correctly determined that the public interest would be served by granting the dismissal [without prejudice], and that the dismissal did not violate Mujahid's rights to a speedy trial under the Sixth Amendment or to due process under the Fifth Amendment.").

…

…

…

…

…

…

1   Accordingly,

2   **IT IS ORDERED** that the government's motion to dismiss (Doc. 9) is **granted**.

3   **IT IS FURTHER ORDERED** that the indictment (Doc. 6) is dismissed without
4   prejudice. The Clerk is ordered to close this case.

5   Dated this 30th day of June, 2022.

Dominic W. Lanza
United States District Judge